**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-03338-SJJ-MJW

ANGELINA DE LA TORRE,

Plaintiff,

v.

METROPOLITAN STATE UNIVERSITY OF DENVER, BOARD OF TRUSTEES;
STEPHEN JORDAN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS PRESIDENT OF METROPOLITAN STATE COLLEGE;
LINDA S CURRAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS PROVOST AND VICE PRESIDENT FOR ACADEMIC AFFAIRS; AND
LUIS TORRES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS DEPUTY PROVOST OF ACADEMIC AFFAIRS,

Defendants.

---

**MOTION IN LIMINIE TO EXCLUDE TESTIMONY AND EXHIBITS REGARDING ADMINISTRATIVE LAW JUDGE CONNICK'S RULING AND BARRY GOMBERG'S INVESTIGATIVE REPORT**

---

Plaintiff Angelina De La Torre, by and through her counsel, Killmer, Lane & Newman, LLP, hereby moves this court in advance of trial and outside the presence of the jury to exclude testimony and exhibits regarding Administrative Law Judge Nancy Connick's ruling in Dr. De La Torre's Administrative Law Hearing [attached as Exhibit 1] and Barry Gomberg's Investigative Report [attached as Exhibit 2]. Specifically, Dr. De La Torre requests that no witness testify on or exhibit speak to the factual or legal findings Administrative Law Judge Connick made in Dr. De La Torre's administrative hearing and that any testimony regarding Barry Gomberg's 2005-2006 investigation be limited to factual findings and the resulting outcome (that Metro violated their own policy and Dr. De La Torre's post-tenure review was re-set to 2008), but any testimony or

exhibit regarding his legal conclusions (that no discrimination or retaliation occurred in issuing Dr. De La Torre's 2005 PTR) be excluded.

**A. Administrative Law Judge Connick's ruling is inadmissible**

1. Trial courts have discretion in determining whether administrative findings regarding discrimination should be admitted in a trial *de novo*. *Nulf v. International Paper Co.*, 656 F.2d 553, 563 (10th Cir. 1981). Therefore, administrative documents are not *per se* admissible or inadmissible, and must be weighed against the factors enumerated under Rule 803(8)(C) by the Advisory Committee. *Denny v. Hutchinson Sales Corporation,* 649 F.2d 816, 821 (10th Cir. 1981). These factors include: "the timeliness of the investigation; the special skill or experience of the investigator; whether a hearing was held and the level at which it was conducted*;* possible motivation problems. *. . .*" *Id.* (citing Fed.R.Evid. 803(8), 28 U.S.C.A. (1975) [emphasis added].

2. In this instance the hearing was not a contemporaneous investigation, but a hearing occurring after internal and external investigations were conducted. Dr. De La Torre's hearing in front of Administrative Law Judge Connick has different standards of proof and available remedies and more lax rules regarding evidence admissibility than those in federal court.

3. Another factor favoring exclusion is that at trial "the jury [will be presented with] substantial admissible evidence on the matter. . . ." *Id.* Both Plaintiffs and Defendants will have an ample opportunity to present all relevant and admissible evidence to the jury so that the jury may make its own independent judgment during the course of the trial. Allowing admission of this finding would undermine the jury's independent judgment as "there is a real possibility that the jury would give undue

deference to such evidence." *Id.* at 822.

4. Additionally, "expressions of opinion and conclusions on causes and effects based upon factual findings are not always admissible as public records, especially when it is shown either that the conclusion or opinion which the statement purports to convey would not be admissible in evidence if tendered by the direct testimony of the maker." *Franklin v. Skelly Oil Co.*, 141 F. 2d 568, 572 (10th Cir. 1944). ALJ Connick, the maker of the ruling, could not on direct testimony pontificate about whether Dr. De La Torre was discriminated against as she has no personal knowledge of Dr. De La Torre's employment and termination and only formulated her opinions based on hearsay after the events giving rise to Dr. De La Torre's claims took place. Fed. R. Evid. 602. ALJ Connick's ruling relied on layer upon layer of hearsay for which there is no exception for admission.

5. Even if ALJ Connick's ruling is admissible under Rule 803(8)(C), the "court must always determine whether the prejudicial effect of admitting such unreliable information may outweigh its probative value and thereby by render it inadmissible under Fed.R.Evid. 403." *Tulloss v. Near North Montessori School*, 776 F.2d 150, 153 (7th Cir. 1985), (citing *Johnson v. Yellow Freight System, Inc.,* 734 F.2d 1304, 1309-10 (8th Cir. 1984).

6. A court may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In order to exclude testimony under Rule 403, a court conducts a balancing test. *See United States v. Howell*, 285 F.3d 1263, 1269-70

(10th Cir. 2002). The balancing test weighs in favor of exclusion.

7. Mention and discussion of Dr. De La Torre's state personnel board hearing would be inviting a trial within a trial and would be unduly confusing for the jury and unfairly prejudicial to Dr. De La Torre. Essentially, the defendants are seeking to tell the jury that whether Dr. De La Torre was discriminated against has already been decided. Certainly the authority and prestige given to an ALJ would give a juror pause to make up his or her own mind when they are told that the issue has already been decided. There is a strong possibility that a conclusory administrative finding will confuse and mislead a jury and the possibility of misleading the trier of fact is significantly greater when the trier of fact is a jury rather than a judge. *Tulloss*, 776 F.2d at 153 n. 2.

8. Not only is this confusing to a jury as they are told they and no one else decide the outcome of the case, this is unduly prejudicial to Dr. De La Torre as an administrative hurdle she had to go through is now being used against her as conclusive factual and legal evidence that she was not discriminated against. Barring this exhibit and related testimony in no way harms the Defendants as the named defendants and any witnesses with first-hand personal knowledge of Dr. De La Torre's employment and termination are still permitted to testify.

9. Finally, both sides are undoubtedly going to present their cases to the fullest extent allowed by the Court. Permitting the admission of the ALJ Connick's ruling, containing duplicative evidence, would be cumulative, and a waste of time, as the jury would have to be educated as to the administrative process.

10. These prejudicial effects substantially outweigh any slight probative value in ALJ Connick's ruling.

**B. Barry Gomberg's Legal Conclusions are Inadmissible**

1. Barry Gomberg's Investigative Report and findings regarding Dr. De La Torre's claims of discrimination and retaliation in 2005 are first and foremost irrelevant to Dr. De La Torre's claims of discrimination and retaliation that arose from her 2008 termination of her employment and tenure. Fed. R. Evid. 401.

2. Even if relevant, Mr. Gomberg's investigation is itself hearsay and includes layer upon layer of hearsay, all of which do not fall under a hearsay exception under Rule 803.

3. If there is an exception Plaintiff's counsel is unaware of and the report is found to be relevant, Mr. Gomberg's report is barred under Rule 403 as unfairly prejudicial to Dr. De La Torre.

4. Similar to the reasons ALJ Connick's ruling would unduly confuse the jury and unfairly prejudice Dr. De La Torre, Barry Gomberg's investigation is duplicative of other testimony, is based on hearsay and is a legal conclusion that takes away from the jurors ability to freely and fairly determine the merits of Dr. De La Torre's case. *See supra.*

**C. Conclusion**

Dr. De La Torre has availed herself of this federal court with its specific standards, rules, and remedies as provided her under the United States Constitution. To bring in outside procedural findings by others would unfairly prejudice Dr. De La Torre from receiving a full and fair day in court. Excluding this evidence in no way harms

Defendants or prevents them from bringing all relevant evidence and witnesses with personal knowledge to testify to Dr. De La Torre's employment and termination.

Wherefore, Dr. De La Torre respectfully requests that this court exclude ALJ Connick's and Barry Gomberg's findings of fact and law and any testimony or exhibit related to their legal and factual findings.

Respectfully submitted this 14th day of February, 2013.

*s/ David A. Lane*

______________________________

David A. Lane
Tiffany J. Drahota
Darren M. Jankord
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2013, the foregoing **MOTION IN LIMINE** was filed with the Court using the CM/ECF system, which will send electronic notification of such filing to the following CM/ECF participants:

Doug Cox
Stephanie Scoville
Office of the Colorado Attorney General
1525 Sherman Street, 7th Floor
Denver, Colorado 80203
(303) 866-5241
douglas.cox@state.co.us
stephanie.scoville@state.co.us

**KILLMER, LANE & NEWMAN, LLP**

*s/ Darren Jankord*

______________________________

Darren Jankord