IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03338-SJJ-MJW

ANGELINA DE LA TORRE,

Plaintiff,

v.

METROPOLITAN STATE UNIVERSITY OF DENVER, BOARD OF TRUSTEES;
STEPHEN JORDAN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS PRESIDENT OF METROPOLITAN STATE UNIVERSITY OF DENVER;
LINDA S CURRAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS PROVOST AND VICE PRESIDENT FOR ACADEMIC AFFAIRS; AND
LUIS TORRES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS DEPUTY PROVOST OF ACADEMIC AFFAIRS,

Defendants.

---

# DEFENDANTS' MOTION IN LIMINE

---

Defendants submit the following Motion in Limine requesting that the Court exclude the following evidence at trial: 1) the testimony of Plaintiff's experts pursuant Federal Rules of Evidence 702 and 403; and 2) testimony about faculty disciplined for sexual harassment or sex discrimination pursuant to Federal Rules of Evidence 401 and 403. In support of their Motion, Defendants state:

## I. The testimony of Plaintiff's three expert witnesses should be excluded pursuant to Rule 702.

Plaintiff designated three experts in the field of "higher education" and "faculty discipline": Ellen Slatkin, a faculty member and President of the faculty union, and Charles Angeletti and Richard Jackson, fellow faculty members. According to Plaintiff's

expert disclosures (Exhs. A, B), these faculty members will offer the following opinions:

1. Plaintiff was not required to publish and would have satisfied MSUD's post-tenure requirements without publication **(Slatkin, Angeletti, Jackson)**;

2. Plaintiff believed her paper at issue had been published **(Slatkin)**;

3. Plaintiff's misrepresentation of her publication did not rise to the level of unprofessional conduct **(Slatkin, Angeletti, Jackson)**;

4. Plaintiff's misrepresentation was not of such a serious nature as to warrant termination **(Slatkin, Angeletti, Jackson)**;

5. Termination was a more extreme sanction than other faculty have experienced **(Slatkin, Angeletti, Jackson)**;

6. MSUD officials have misused the post-tenure review processes to punish other faculty **(Slatkin, Angeletti, Jackson)**;

7. Plaintiff's termination for misrepresentation was a pretext for retaliation **(Slatkin, Angeletti, Jackson)**;

8. The post-tenure review process is intended to be used to help faculty identify areas for improvement, not for discipline **(Slatkin, Angeletti, Jackson)**;

9. Plaintiff was current in her field **(Angeletti, Jackson)**;

10. MSUD violated the handbook by not issuing Plaintiff a performance improvement plan **(Jackson)**; and

11. Plaintiff's misrepresentation was a reasonable mistake **(Jackson)**.

None of Plaintiff's experts performed any studies or research; none referenced any studies or research in forming their opinions; none have published any works relating to their proffered opinions; none have previously testified as an expert on these subjects; and none of the experts' opinions have been subjected to any sort of peer review. *See* Exh. A, Plaintiff's Expert Witness Disclosure, and Exh. B, Slatkin Report.

**A. Rule 702 requires that the trial court act as a gatekeeper and assess whether the experts satisfy the elements of Rule 702 prior to the admission of the experts' testimony.**

Rule 702 permits testimony from "a witness qualified as an expert by knowledge, skill, experience, training, or education" if such testimony will assist the trier of fact and "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Trial courts are assigned the responsibility of determining whether expert testimony under Rule 702 is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharm. Inc.,* 509 U.S. 579, 589 (1993). In this gatekeeping role, trial courts must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. This "gatekeeping" function applies to all expert testimony proffered under Rule 702, whether based on scientific, technical, or other specialized knowledge. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 149 (1999).

As a result, the trial court must assess whether Plaintiff's experts meet the requirements of Rule 702 prior to the presentation of the experts' opinions to the jury.[1] *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000). As

[1] Defendants previously filed a motion to exclude the testimony of these experts [Dkt. #35], which the Court denied as untimely [Dkt. #36]. Although the Court previously declined to review the challenge to the experts' testimony, it should do so now. *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) (holding that although the trial court may exercise discretion as to how to perform its Rule 702 gatekeeping function – for example, as through a motion in limine or on an objection during trial – "there is no discretion regarding the actual *performance* of the gatekeeper function.").

the proponent of the expert testimony, Plaintiff bears the burden of proving the admissibility of the testimony under Rule 702 by a preponderance of the evidence. *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1220 (D. Colo. 2008).

**B. Plaintiff's experts' opinions are not sufficiently reliable because the experts are not qualified and because the opinions are not based on any reliable methodology.**

In assessing a Rule 702 motion, the Court must determine 1) whether the expert is qualified to render the opinion; and 2) whether the opinion is reliable. *103 Investors I, L.P. v. Square D. Co.*, 470 F.3d 985, 990 (10th Cir. 2006). In this case, neither Angeletti nor Jackson is qualified to render opinions regarding the appropriateness of faculty discipline or to compare Plaintiff's discipline to the discipline of other faculty members. As their recent curriculum vitae demonstrate, they do not serve in any roles at MSUD in which they would be investigating faculty members for misconduct, making decisions about faculty misconduct, or even privy to information about faculty discipline. *See* Exh. C, Angeletti CV; Exh. D. Jackson CV. Although Angeletti briefly served as an Assistant to the Provost, that was approximately 20 years ago. Exh. C., p.1.

Slatkin is similarly not qualified to offer the disclosed opinions. While Slatkin opines about the sufficiency of Plaintiff's post-tenure review dossier, Slatkin has never reviewed post-tenure dossiers in any official capacity. Exh. E., Slatkin Dep. 21:17-22, 38:20-39:4. Neither Plaintiff's Rule 26(a)(2) disclosure nor Slatkin's report demonstrate that she has sufficient experience or knowledge in the area of faculty discipline to offer opinions about the appropriateness of Plaintiff's termination or the range of discipline

imposed on Metro faculty. As a result, none of Plaintiff's experts are qualified to offer their proffered opinions.

Additionally, none of the experts' testimony is sufficiently reliable. In assessing reliability, courts generally consider "several nondispositive factors: (1) whether the proffered theory can and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community." *103 Investors I*, 470 F.3d at 990 (citing *Daubert*, 509 U.S. at 593-94). "These considerations are not exhaustive. Rather, 'the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.'" *Gianfrancisco v. Excelsior Youth Ctrs., Inc.*, No. 10-cv-00991-PAB-KMT, 2012 U.S. Dist. LEXIS 98040, at *3-4 (D. Colo. July 16, 2012) (quoting *Kumho Tire Co.*, 526 U.S. at 152). Rule 702 standards apply to even those experts who are not required to provide written reports under Rule 26(a)(2)(C). *See Watkins v. Action Care Ambulance, Inc.*, No. 07-cv-02598-WJM-BNB, 2011 U.S. Dist. LEXIS 101810, at *17-18, 20-21 (D. Colo. Sept. 9, 2011).

Testimony based on specialized knowledge obtained through experience rather than scientific knowledge must employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire,* 526 U.S. at 152. In all instances, however, the existence of sufficient facts and a reliable methodology is mandatory. *Kumho Tire,* 526 U.S. at 157 ("'[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that

is connected to existing data only by the *ipse dixit* of the expert.'" (quoting *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997)); *see also Mitchell v. Gencorp, Inc.,* 165 F.3d 778, 780 (10th Cir. 1999) (admissible expert testimony must be based on "actual knowledge and not 'subjective belief or unsupported speculation.'"); *Toni's Alpacas, Inc. v. Evans*, No. No. 09-cv-02045-REB-CBS, 2010 U.S. Dist. LEXIS 97038, at *4 (D. Colo. Sept. 16, 2010) (reaffirming that expert opinions must offer more than subjective belief or unsupported speculation); *First Specialty Ins. Corp., v. Ward N. Am. Holding, Inc.,* No. 04-2359-JPO, 2006 U.S. Dist. LEXIS 98273, at *4 (D. Kan. 2006) (noting that a court's gate-keeping function requires more than simply "taking the expert's word for it.").

Here, Plaintiff's proposed expert witnesses offer little more than personal assurances based upon their alleged experience that their conclusions are so. There is no indication that these witnesses applied any sort of methodology, analysis, or intellectual rigor in arriving at their expert opinions.

For example, while Slatkin's report indicates she spoke with the Plaintiff and "reviewed the evidence," there is no indication of what facts she relied on to support her opinions. Indeed, Slatkin admitted in her deposition that the last time she reviewed any documents relevant to the opinions expressed in her report was more than three years before she wrote it. *See* Exh. E., Slatkin Dep. 43:24-45:12. Slatkin's opinion that Plaintiff did not commit unprofessional conduct is based solely on her belief that Plaintiff did not lie about her publication. *Id.* at 58:16-59:1. Slatkin's opinion that other faculty members have not been subject to a similarly severe sanction is based on her limited

awareness of the discipline given to other faculty members. *Id.* at 78:19-82:20. Likewise, her written opinion that MSUD misuses the tenure process to punish faculty members is based on her opinions related to Plaintiff and one other faculty member. *Id.* at 70:25-75:10. These opinions do not reflect any application of a particular methodology, or even suggest that intellectual rigor was applied in reaching her conclusions. As a result, her opinions are not admissible under Rule 702.

Similarly, Angeletti's and Jackson's disclosures fail to indicate what evidence they reviewed or what facts support their conclusions. Their proffered opinions do not demonstrate any application of methodology or analysis other than applying their own personal opinions. In reality, the opinion testimony which Plaintiff seeks to introduce at trial is not expert opinion testimony at all. As a result, their opinions do not satisfy the strict standard for reliability set forth under Rule 702.[2] *See Goebel v. Denver & Rio Grande W. R.R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (Experts must "express a reasonably accurate conclusion as opposed to conjecture or speculation.").

**C. Plaintiff's experts' opinions would not be helpful to the jury.**

Rule 702 requires that proffered expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "The touchstone of admissibility of expert testimony is its helpfulness..." *Wilson v. Muckala,*

---

[2] Moreover, to the extent that Plaintiff offers these experts to testify about how MSUD has misused the post-tenure review process against other faculty, the Court also should assess the testimony under Rules 401, 404(b), and 403, as outlined in Defendants' Response to Plaintiff's for Leave to File Amended Pretrial Order [#65]. The Court must assess testimony of other allegations of retaliation to determine whether the plaintiff has established a nexus between her discrimination or retaliation and the other allegations. *See Mendelsohn v. Sprint/United Mgmt. Co.*, 402 Fed. Appx. 337, 340 (10th Cir. 2010).

303 F.3d 1207, 1219 (10th Cir. 2002). "When the normal experience and qualifications of laymen jurors are sufficient for them to draw a proper conclusion from given facts and circumstances, an expert witness is not necessary and is improper." *Id.* (upholding the exclusion of a human resources expert's opinion about the reasonableness of the defendant's response to a plaintiff's sexual harassment claim because the issues "were not so impenetrable as to require expert testimony.") (internal quotations omitted).

Here, the jury does not require expert testimony to determine whether the Plaintiff's conduct amounted to "unprofessional conduct," whether her conduct warranted disciplinary action, or whether Defendants used the post-tenure review process to "punish" faculty who "speak out against discrimination." The jury could easily consider the same evidence that Plaintiff's proposed experts considered and make their own conclusions.

Further, the proffered opinions that Defendants retaliated against Plaintiff are expressions of a legal conclusion, and therefore, should be excluded. Rule 704(a) permits an expert to testify in the form of an opinion even if the opinion embraces an ultimate issue to be determined by the trier of fact. However, "an expert may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment." *United States v. Dazey,* 403 F.3d 1147, 1171 (10th Cir. 2005). Expert testimony of this kind is "sometimes excluded on the ground that it 'usurps the function of the jury in deciding the facts, or interferes with the function of the jury in

deciding the facts, or interferes with the function of the judge in instructing the jury on the law.'" *Id.* (internal citation omitted).

Furthermore, "[w]hile testimony on ultimate facts is authorized under Rule 704...testimony on ultimate questions of law is not favored." *Specht v. Jensen,* 853 F.2d 805, 808 (10th Cir. 1988). The basis for this distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict, while testimony which articulates and applies the relevant law circumvents the jury's decision-making function by "telling it how to decide the case." *Id.* An expert opinion that a defendant either retaliated or discriminated against the plaintiff are expressions of ultimate issues of law, and it is well established that such proposed expert testimony is inadmissible. *See, e.g., Gianfrancisco,* 2012 U.S. Dist. LEXIS 98040, at *8-12 (excluding expert opinion that defendant discriminated against plaintiff); *Hernandez v. City of Vancouver,* No. CO4-5539 FDB, 2009 U.S. Dist. LEXIS 13020, at *7-14 (W.D. Wash. 2009) (excluding multiple opinions of plaintiff's "discrimination expert," including opinions that defendant retaliated and discriminated against plaintiff); *Rowe Entm't v. William Morris Agency, Inc.,* 2003 U.S. Dist. LEXIS 17623, at *25-26 (S.D.N.Y. 2003) (excluding expert testimony that the facts alleged in the Amended Complaint amount to racial discrimination because such opinions would invade the province of the jury and court); *Willis v. Sears Holdings Mgmt. Corp.,* 2012 U.S. Dist. LEXIS 128208, at *25 (N.D. Ill. Sept. 7, 2012) (excluding expert opinion that plaintiff was a victim of race or sex discrimination).

**D. Plaintiff's three experts offer nearly identical opinions, and therefore, the testimony should be excluded as duplicative and cumulative under Rule 403.**

Even if Plaintiff's expert testimony is deemed relevant, it still may be excluded under Rule 403 if the probative value of the testimony is outweighed by considerations such as undue delay, waste of time, or needless presentation of cumulative evidence. *Watkins*, 2011 U.S. Dist. LEXIS 101810, at *7. As the summary of Plaintiff's experts' testimony, *supra* p.2, reveals, Plaintiff has identified three experts to offer nearly identical opinions. Such testimony would be cumulative, and would cause unnecessary delay and waste time. Additionally, the jury could be misled by the presentation of three expert opinions. Accordingly, the Court should exclude the testimony under Rule 403. *See United States v. Arney*, 248 F.3d 984, 991 (10th Cir. 2001) (affirming exclusion of expert testimony that was duplicative of factual testimony); *Wilson v. Merrell Dow Pharm., Inc*., 893 F.2d 1149, 1151 (10th Cir. 1990) (upholding exclusion of expert testimony as cumulative when other experts offered similar opinions).

**II. Testimony regarding faculty disciplined for sexual harassment or sex discrimination should be excluded because such comparators are not "similarly situated" under Title VII and Section 1981.**

The parties agree that one avenue for Plaintiff to prove her claims of discrimination and retaliation is to demonstrate that non-Hispanic, similarly-situated professors were treated differently. To this end, Plaintiff is expected to elicit testimony regarding professors who engaged in various forms of academic misconduct and received different discipline or resigned. Such testimony is relevant to the issue of Plaintiff's termination for academic dishonesty. Defendants, however, also expect

Plaintiff to elicit testimony regarding two professors – Tim Gould and Eric Ball – who were disciplined, not for academic misconduct, but for sexual harassment or sex discrimination.[3] Gould was disciplined for making sexual advances to a student. Ball was disciplined for engaging in a conversation that indicated bias against another faculty member based on her pregnancy. Defendants request that the Court exclude this testimony. Such testimony is not relevant under Rule 401 because neither Gould nor Ball is similarly situated to Plaintiff. Defendants further request that the Court exclude such testimony as unduly prejudicial under Rule 403.

### A. Professors disciplined for sexual harassment or sex discrimination are not similarly situated to Plaintiff, and thus, such testimony is irrelevant.

As the Supreme Court has directed, questions of relevance and prejudice are for the district court to determine in the first instance. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) (holding that the question of admissibility of evidence regarding discrimination by other supervisors is fact-based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case).

Under both Title VII and Section 1981, it is well-settled that evidence that other employees were treated differently should be limited to those comparators who are similarly situated to the plaintiff. *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997). "An employee is similarly situated to the plaintiff if the employee deals with

[3] Although Plaintiff recently withdrew Professors Gould and Ball from her witness list (*see* Defendants' Reply in Support of Motion to Strike Plaintiff's Newly-Disclosed Witnesses [Dkt. #74]), a number of exhibits submitted by Plaintiff relating to these individuals remain on the exhibit list, and Plaintiff is expected to elicit testimony about these comparators.

the same supervisor and is subject to the same standards governing performance evaluation and discipline. … A court should also compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees in determining whether they are similarly situated." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000) (internal citations omitted).

Courts in the Tenth Circuit have refused to consider other employees similarly-situated when the employees have violated different types of work rules. *See, e.g., Rivera v. City & County of Denver,* 365 F.3d 912, 923 (10th Cir. 2004) (refusing to consider comparators who were disciplined for drug and alcohol violations when plaintiff was terminated for falsely reporting the work he performed); *Hill v. Food Lion*, No. 96-6074, 1997 U.S. App. LEXIS 1067, at *3-4 (10th Cir. Jan. 24, 1997) (concluding that employees who were negligent were not similarly situated to the plaintiff, who was fired for dishonesty or theft); *Whalen v. United Air Lines, Inc.*, No. 91-1191, 1992 U.S. App. LEXIS 17641, at *6-7, 9 (10th Cir. July 28, 1992) (finding that employees who were disciplined or terminated for substance abuse, unsatisfactory performance, using their position for personal gain, failure to show up, or soliciting money from customers were not similarly situated to the plaintiff, who was accused of falsifying time records).

As the Tenth Circuit pointed out in *Kendrick, "*A company must be allowed to exercise its judgment in determining how severely it will discipline an employee for different types of conduct. Our role is to prevent unlawful hiring practices, not to act as

a super personnel department that second guesses employers' business judgments." 220 F.3d at 1233 (internal citations omitted).

In this case, although Gould and Ball's conduct involving sexual harassment and sex discrimination was reprehensible, the conduct was of an entirely different nature than the offense for which Plaintiff was terminated – falsely representing a publication on her post-tenure review dossier. The offenses at issue are different enough that their probative value is minimal. The fact that Gould and Ball received different discipline for sexual harassment and sex discrimination does not make it more or less likely that Defendants treated Plaintiff differently based on her race or in retaliation for protected conduct. As a result, testimony about the discipline received by Gould and Ball should be excluded under Rule 401.

**B. Testimony about sexual harassment or sex discrimination would be unduly prejudicial under Rule 403.**

Federal Rule of Evidence 403 allows a court to exclude evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice." A determination that evidence is prejudicial requires a "fact-intensive, context-specific inquiry." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

Because the anticipated testimony by and about Gould and Ball has nothing to do with either Plaintiff or academic honesty, the testimony is far more prejudicial than probative, and thus, should be excluded under Rule 403. Asking the jury to compare apples (discipline for sexual harassment or sex discrimination) to oranges (discipline for academic misconduct) would invite confusion and permit the jury to be misled. Additionally, testimony about sexual harassment and sex discrimination may unduly

prejudice the jury against Defendants. Finally, trial is set for only five days and a fairly large number of witnesses have been designated. Irrelevant testimony about Gould and Ball would only further waste time and cause undue delay. As a result, the testimony is properly excluded under Rule 403.

**CONCLUSION**

For all the reasons set forth herein, Defendants respectfully request that the Court exclude the testimony of Plaintiff's experts under Rules 702 and 403 and that the Court exclude testimony regarding discipline meted out by MSUD for sexual harassment and sex discrimination under Rules 401 and 403.

Dated this 15th day of February, 2013.

JOHN W. SUTHERS, Attorney General

*s/ Stephanie Lindquist Scoville*

STEPHANIE LINDQUIST SCOVILLE*
DOUGLAS J. COX*
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
Attorneys for Defendants
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 393-508-6574
FAX: 720-508-6573
E-Mail: stephanie.scoville@state.co.us
*Counsel of Record

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-addresses:

David A. Lane
Tiffany Drahota
Lauren Fontana
Darren Jankord
1543 Champa Street, Suite 400
Denver, CO 80202
dlane@KLN-Law.com
tdrahota@KLN-Law.com
lfontana@KLN-Law.com
djankord@KLN-Law.com

*s/ Sally P. Ott*